UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS SHAFFER,

    Petitioner,

v.

JEFFREY A UTTECHT,

    Respondent.

Case No. C19-5981-BHS-TLF

ORDER TO SHOW CAUSE

Petitioner, Nicholas Shaffer, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 3. Petitioner challenges his September 11, 2018, conviction and sentence for three counts of First Degree Child Molestation. *Id.* The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal as unexhausted. The Court notes that it appears petitioner may also be procedurally defaulted. In his petition, petitioner contends his federal constitutional rights were violated under the Fifth and Thirteenth Amendment because he was not charged by Grand Jury Indictment. Dkt. 3, at 5-12. Petitioner indicates that he has not raised the grounds for relief raised in the instant petition in state court either on direct appeal or on a petition for collateral relief. Dkt. 3, at 1-15. He indicates he does

ORDER TO SHOW CAUSE - 1

not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition; he asserts that the state courts lack jurisdiction over issues that are raised under the United States Constitution.[1] Dkt. 1, at 5-12. However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

Furthermore, because it appears to have been more than a year since petitioner's judgment and sentence became final, petitioner's habeas claims may now be procedurally defaulted in the Washington state courts, and if he attempts to present them in a state court challenge at this time, it appears the claims would be denied. The Court therefore orders the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition as unexhausted and procedurally defaulted.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To exhaust their federal claims, a would-be habeas petitioner must finish "one complete

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 1, at 33. The Court interprets this as a typographical or scrivenor's error, because petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside of its jurisdictional or statutory governing limits." Dkt. 3, at 6-12. This argument fails, because 28 U.S.C. § 2254(b)(1) recognizes the jurisdiction of state courts to adjudicate constitutional issues. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition states, petitioner has not properly exhausted his claims for relief in the state courts. Petitioner acknowledges he has not presented the claims raised in his petition to the highest state court and thus it would appear his petition is not eligible for federal habeas review. Dkt. 3, at 5-12.

In addition, because it appears to have been more than one year since the judgment and sentence became final, it appears that petitioner's habeas claims may be

procedurally defaulted in the courts of Washington State and if he attempts to present them in a state court challenge at this time, his claims would be denied. According to RCW 10.73.090, any collateral challenges to a conviction or sentence (for example, a personal restraint petition or state habeas corpus petition) are barred if the collateral challenge is filed after the judgment and sentence becomes final and the one-year statute of limitations runs out. Thus, petitioner's claims would not be cognizable in federal court and must be dismissed absent a showing of cause and prejudice or actual innocence.

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults in state court may receive review of the defaulted claims only if he demonstrates to the federal habeas court "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496). "To

meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

Therefore, petitioner must demonstrate cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence. If he cannot do so, his federal claims are not cognizable in this Court and are subject to dismissal with prejudice.

ORDER

Based on the foregoing discussion, the Court finds that this petition appears to be unexhausted, procedurally defaulted and barred by the statute of limitations.

The Court **orders the petitioner to show cause** in writing why the petition should not be dismissed on this basis. Petitioner must show cause by **April 6, 2020**. The failure to file a timely response or to adequately respond to the issues raised herein may result in the dismissal of this matter with prejudice. The Clerk is directed to provide copies of this order to petitioner.

Dated this 4th day of March, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5