UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS SHAFFER,

                    Petitioner,

        v.

JEFFREY A UTTECHT,

                    Respondent.

Case No. C19-5981-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for June 5, 2020

Petitioner, Nicholas Shaffer, proceeds *pro se*, in this federal habeas corpus action. *See* Dkt. 3. After reviewing the petition, the Court declined to serve the petition, but gave petitioner an opportunity to show cause why this case should not be dismissed for failure to exhaust state court remedies. Dkt. 6. Petitioner was ordered to show cause on or before March 6, 2020. *Id.* The Court warned petitioner that failure to respond to the Court's order would result in the Court recommending dismissal of this action. *Id.*

Petitioner has failed to comply with the Court's Order. He has not filed a response to the order. Accordingly, the Court recommends dismissal of this action without prejudice for failure to comply with a Court order. Additionally, the Court recommends dismissal of the action as unexhausted. And, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his September 11, 2018, conviction and sentence for three counts of First Degree Child Molestation. Dkt. 3.

By order dated March 4, 2020, petitioner was given an opportunity to show cause why his petition should not be dismissed for failure to exhaust his state judicial remedies. *See* Dkt. 6. Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his federal claims, he must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

DISCUSSION

**A.      Habeas Corpus Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies. Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review. Dkt. 3, at 1-12. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[1] Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the

---

[1] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 3, at 5-12.

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of federal habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented his grounds for relief to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside of its jurisdictional or statutory governing limits." Dkt. 3, at 5-12. This argument

1    fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to

2    adjudicate whether the federal constitutional rights of a state criminal defendant were

3    violated. Federal habeas relief is available to address where the state court's

4    adjudication was "contrary to, or an unreasonable application of, clearly established

5    federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §

6    2254(d)(1). As the petition plainly states, petitioner has not properly exhausted his

7    claims for relief in the state courts.

8         Petitioner acknowledges he has not presented the claims raised in his petition to

9    the highest state court and presents no colorable claim that any exception to the

10   exhaustion requirement applies in his case. Accordingly, this petition is not eligible for

11   federal habeas review.[2] [3] Dkt. 5, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287,

---

[2] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[3] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the

REPORT AND RECOMMENDATION - 4

1   1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be

2   properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis

3   added).

4   //

5   ## CONCLUSION AND DEADLINE FOR OBJECTIONS

6   For the foregoing reasons, this Court recommends that petitioner's federal

7   habeas corpus petition (Dkt. 3), and this action, be **dismissed without prejudice for**

8   **failure to respond to a Court order and as unexhausted.**

9   A petitioner seeking post-conviction relief under § 2254 may appeal a district

10   court's dismissal of his federal habeas petition only after obtaining a certificate of

11   appealability from a district or circuit judge. A certificate of appealability may issue only

12   where a petitioner has made "a substantial showing of the denial of a constitutional right."

13   *See* 28 U.S.C. § 2253(c)(3).   A petitioner satisfies this standard "by demonstrating that

14   jurists of reason could disagree with the district court's resolution of his constitutional

15   claims or that jurists could conclude the issues presented are adequate to deserve

16   encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

17   Under the above standard, this Court should **deny a certificate of appealability.**

18   The parties have **fourteen (14) days** from service of this Report and

19   Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

20   of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in

21   a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

22

23   Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has
     failed to exhaust his state court remedies.

24

25

REPORT AND RECOMMENDATION - 5

1    (1985). Accommodating the above time limit, the Clerk shall set this matter for

2    consideration on **June 5, 2020**, as noted in the caption.

3        Dated this 5th day of May, 2020.

4

5                         Theresa L. Fricke

                            United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 6